## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **THE LODGES AT SCOTT, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-4835** |
| | § | |
| **U.S. BANK TRUST NATIONAL** | § | |
| **ASSOCIATION, AS TRUSTEE OF HOF** | § | |
| **GRANTOR TRUST 4, AVT TITLE** | § | |
| **SERVICES, LLC, AND RF RENOVO** | § | |
| **MANAGEMENT COMPANY, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)

Plaintiff The Lodges at Scott, LLC ("Plaintiff") and Defendant U.S. Bank Trust National Association, as Trustee of HOF Grantor Trust 4 ("U.S. Bank" or "Defendant", together with Plaintiff "the Parties") file this discovery/case management plan under Federal Rule of Civil Procedure 26(b) and pursuant to the court's order for conference and disclosure of interested parties (ECF No. 3).

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   Counsel for Plaintiff, Bruce W. Akerly, and counsel for Defendant, Mark D. Cronenwett, conferred via email on February 5, 2024.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   N/A.

3. **Briefly describe what this case is about.**

   This suit entails a contested foreclosure attempt which originated as a state suit in Harris County, Texas for a temporary restraining order to prevent the Defendant from foreclosing

on the property identified by the following common street addresses:
- 2807 Scott Street, Houston, TX 77004
- 3512 Drew Street, Houston, TX 77004
- 3514 Drew Street, Houston, TX 77004
- 3516 Drew Street, Houston, TX 77004
- 3518 Drew Street, Houston, TX 77004
- 3509 Tuam Street, Houston, TX 77004
- 3521 Tuam Street, Houston, TX 77004
- 3525 Tuam Street, Houston, TX 77004
- 3513 Tuam Street, Houston, TX 77004
- 3517 Tuam Street, Houston, TX 77004

Each street address has been used to commonly identify the property (the "Property"). The suit was removed to federal court on December 29, 2023 on the basis of diversity jurisdiction.

Plaintiff is a Texas limited liability company that entered into a loan agreement that was secured with a deed of trust on the Property, and its suit alleges that Defendant was aware that Plaintiff was refinancing its loan when it immediately declared the loan to be in default and posted it for foreclosure sale. Plaintiff brings claims for breach of contract/implied covenant of good faith and fair dealing, common law fraud, fraudulent misrepresentation, and injunctive relief.

Plaintiff's Contentions:
Plaintiff is a Texas limited liability company that entered into a loan agreement that was secured with a deed of trust on the Property, and its suit alleges that Defendant was aware that Plaintiff was refinancing its loan when it immediately declared the loan to be in default and posted it for foreclosure sale. Plaintiff brings claims for breach of contract/implied covenant of good faith and fair dealing, common law fraud, fraudulent misrepresentation, and injunctive relief.

Defendant's Contentions:
Defendant maintains that Plaintiff has acknowledged its breach of the loan agreement when it stopped making payments, Defendant had no duty not to proceed with foreclosure, and the loan's status as a commercial loan meant Defendant was fully within its rights to proceed with foreclosure upon default. Defendants also maintain that all required foreclosure notices were provided and that there is no special relationship under Texas law between a mortgagor and mortgagee, and therefore a mortgage borrower cannot state a claim for a breach of good faith and fair dealing.

Defendant maintains that the common law fraud and fraudulent misrepresentation claims are the same. Defendant maintains no claim for fraud can be asserted as the foreclosure sale occurred before the alleged statement that Plaintiff could pay off its loan and that all claims made by Plaintiff's alleged promises by Defendant, which Defendant denies, to delay foreclosure are nevertheless barred by the Statute of Frauds. Additionally, Defendant maintains that no such writing exists.

Defendant maintains that in the absence of a viable claim against Defendant, Plaintiff's

request for injunctive relief also fails.

**4.  Specify the allegation of federal jurisdiction.**

The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the real parties in interest are completely diverse, and the amount in controversy exceeds $75,000. Plaintiff is a limited liability company organized under the laws of the State of Texas. A limited liability company and its citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Defendant U.S. Bank Trust National Association, as Trustee of HOF Grantor Trust 4 is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank is, and at all times relevant to this action was, a national association bank with its main office located in Cincinnati, Ohio. A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Thus, U.S. Bank is a citizen of Ohio, and no other state, for purposes of diversity jurisdiction.

The amount in controversy requirement is met because, among other things, Plaintiff seeks monetary relief of more than $1,000,000.00 and seeks to void a foreclosure sale where the Property sold for $1,884,595.00.

**5.  Name the parties who disagree and the reasons.**

None.

**6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.

**7.  List anticipated interventions.**

None.

**8.  Describe class−action issues.**

None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Plaintiff served Defendant its Initial Disclosures on January 29, 2024.

   Defendant served Plaintiff its Initial Disclosures on January 24, 2024.

10. **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

    Plaintiff asserts a claim for attorneys' fees. Should Plaintiff prevail on a claim that allows for the recovery of attorneys' fees, the parties agree that same cause by resolved by the court on affidavits or declarations.

11. **Describe the proposed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f).**

       - **26(f)(3)(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;**

         The parties have already exchanged initial disclosures. Plaintiff served its Initial Disclosures on January 29, 2024, and Defendant served its Initial Disclosures on January 24, 2024.

       - **26(f)(3)(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

         The parties anticipate they can complete discovery by July 30, 2024.  The parties do not believe discovery should be conducted in phases or limited to or focused on particular issues.

         Defendant's position is that there is no need for additional Court orders as no documents will be destroyed.

       - **26(f)(3)(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

         None at this time.

- **26(f)(3)(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

   None at this time.

- **26(f)(3)(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

   None.

- **26(f)(3)(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

   None at this time.

**B. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

   None.

**12. Experts**

   **A. Experts needed on issues other than attorneys' fees.**

   None.

   **B. Medical experts needed.**

   There is no need for medical experts at this time.

   **C. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

   March 15, 2024.

   **D. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).**

   April 26, 2024.

**13. State the date discovery can reasonably be completed.**

The parties believe discovery can be completed by July 30, 2024.

**14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**15. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

The parties discussed settlement options but no agreement was reached.

**17. State the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

The parties believe mediation may be productive to occur around the time discovery closes. The Parties are hopeful that this matter may be resolved before mediation becomes necessary.

**18. Indicate the parties' joint position on a trial before Judge Edison.**

The parties do not consent to a trial before a magistrate judge.

**19. State whether a jury demand has been made and if it was made on time.**

A jury demand has been made by Plaintiff. This demand was timely, but was stricken in the Order Granting Defendant's Unopposed Motion to Strike. [*See* ECF No. 12].

**20. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate it will take eight (8) hours to present evidence at trial.

**21. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**22. List other motions pending.**

None.

**23. List issues or matters, including discovery, that should be addressed at the conference.**

None.

24. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments**.

Defendant filed its Certificate of Interested Parties/Corporate Disclosure Statement on December 29, 2023. (*See* ECF No. 2). Plaintiff filed its Certificate of Interested Parties/Corporate Disclosure Statement on January 3, 2024. (*See* ECF No. 7).

Respectfully submitted,

By:  _/s/  Bruce W. Akerly by Mark D. Cronenwett with permission___
Bruce W. Akerly
Texas Bar No. 00953200
AKERLY LAW PLLC
2785 Rockbrook Drive, Suite 201
Lewisville, Texas 75067
(469) 444-1878
(469) 444-1801 (fax)
bakerly@akerlylaw.com
**ATTORNEYS FOR PLAINTIFF**

By:  _/s/ Mark D. Cronenwett___
**MARK D. CRONENWETT**
Texas Bar No. 00787303
S.D. Tex. No. 21340
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
**ATTORNEYS FOR DEFENDANT U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF HOF GRANTOR TRUST 4**

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, a true and correct copy of the foregoing was served in the manner described below on the following:

**Via ECF Notification**
Bruce W. Akerly
Akerly Law, PLLC
2785 Rockbrook Drive, Suite 201
Lewisville, Texas 75067

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**