IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **THE LODGES AT SCOTT, LLC,** | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | Civil Action No. 4:23-cv-4835 |
| **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF HOF GRANTOR TRUST 4, AVT TITLE SERVICES, LLC, AND RF RENOVO MANAGEMENT COMPANY, LLC,** | § § § § § § § | |
| Defendants/Counter-Plaintiffs. | § § | |
| **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF HOF GRANTOR TRUST 4,** | § § § § | |
| Third Party Plaintiff, | § § | |
| v. | § § | |
| **ROBERT LEE WISEMAN, JR.,** | § § § | |
| Third Party Defendant. | § | |

**DEFENDANT/COUNTER-PLAINTIFF/THIRD-PARTY PLAINTIFF
U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

Defendant/Counter-Plaintiff/Third-Party Plaintiff U.S. Bank Trust National Association, as Trustee of HOF Grantor Trust 4 ("Defendant" or "U.S. Bank"), files this Motion for Summary Judgment and Brief in Support and respectfully shows the Court as follows:

**I. SUMMARY**

1. Plaintiff/Counter-Defendant The Lodges at Scott, LLC ("Plaintiff" or "The Lodges") filed its *Verified Original Petition and Request for Injunctive Relief* (the "Petition")

bringing claims related to the foreclosure sale of certain real property located in Harris County, Texas. Plaintiff alleges that Defendant, through its servicer RF Renovo Management, LLC ("RF"), proceeded with a foreclosure of the Property while knowing that Plaintiff was endeavoring to obtain alternative financing to pay off the subject mortgage loan and by failing to provide required foreclosure notices. Plaintiff brings claims for breach of contract, common law fraud, and fraudulent misrepresentation, and it seeks to set aside the foreclosure sale.

2. Notice of the contested foreclosure sale was properly given. Further, any complaint that Defendant failed to allow Plaintiff to repurchase the Property after foreclosure occurs fails under the statute of frauds. There is approximately $49,000 due and owing to Defendant, and it may recover this deficiency from Plaintiff and/or Third-Party Defendant Robert Lee Wiseman, Jr. ("Wiseman") who guaranteed the loan. Defendant is entitled to final summary in its favor on all pending claims.

## II. EVIDENCE

3. In support of its Motion for Summary Judgment, Defendant relies upon and incorporates by reference the following evidence:

Exhibit A    Declaration;

    A-1.    Note, dated July 29, 2022;

    A-2.    Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement, dated July 29, 2022;

    A-3.    Construction Loan and Security Agreement, dated July 29, 2022;

    A-4.    Guaranty, dated July 29, 2022;

    A-5.    Loan Extension Agreement, August 1, 2023;

    A-6.    Notice of Default September 14, 2023;

    A-7.    Assignment of Deed of Trust, recorded October 5, 2023;

  A-8. Notice of Foreclosure Sale, October 17, 2023;

  A-9. Payoff Quote, October 30, 2023;

  A-10. Foreclosure Sale Deed, recorded November 16, 2023; and

  A-11. Payment History.

### III. UNDISPUTED FACTS

5. On or about July 29, 2022, Plaintiff signed a Note in the amount of $1,905,000.00 payable to RFLF 7, LLC (the "Note"). (Exhibits A, A-1.) The Note was secured by a Deed of Trust, Assignment of Leases and Rents, Fixture Filing, and Security Agreement ("Deed of Trust"), as part of a Construction Loan and Security Agreement (together with the Note and Deed of Trust, the "Loan Agreement"), which granted a first lien on the real property and improvements located at addresses:

- 2807 Scott Street, Houston, TX 77004
- 3512 Drew Street, Houston, TX 77004
- 3514 Drew Street, Houston, TX 77004
- 3516 Drew Street, Houston, TX 77004
- 3518 Drew Street, Houston, TX 77004
- 3509 Tuam Street, Houston, TX 77004[1]
- 3521 Tuam Street, Houston, TX 77004
- 3525 Tuam Street, Houston, TX 77004
- 3513 Tuam Street, Houston, TX 77004
- 3517 Tuam Street, Houston, TX 77004

and more particularly described as:

> A TRACT OF LAND CONTAINING 1.220 ACRES (53,160 SQUARE FEET) BEING COMPRISED OF A 0.0790 ACRE TRACT BEING OUT OF LOTS 11 AND 12, BLOCK 21 IN LEELAND PARK ADDITION, AS RECORDED IN VOLUME 1, PAGE 121, OF

---

[1] 3509 Tuam Street is not specifically identified in the list of property addresses on the Notice of Foreclosure Sale; however, it is included in the legal description. *See Complaint, Exh. 1. WK Props., Inc. v. Perrin SA Plaza, LLC*, 648 S.W.3d 513, 518-19 (Tex. App.—San Antonio 2021, no pet.) (holding that legal description from appraisal-district records recited in deed controlled over conflicting street addresses); *White v. Harrison*, 390 S.W.3d 666, 678-79 (Tex. App.—Dallas 2012, no pet.) ("[T]he legal description of a property will control over a common description or street address."); *cf Stribling v. Millican DPC Partners, LP*, 458 S.W.3d 17, 20-21 (Tex. 2015). (explaining that when metes-and-bounds description conflicts with general property description, the more specific metes-and-bounds description controls).

THE HARRIS COUNTY MAP RECORDS (HCMR), AS RECORDED UNDER CLERK`S FILE NO. 20140570796 OF THE OFFICIAL PUBLIC RECORDS OF HARRIS COUNTY, TEXAS, AND LOTS 3, 4, 7, 8, 9, 10, THE REMAINDER OF LOTS 1 AND 2, AND THE REMAINDER OF THE NORTH ONE HALF OF LOTS 11 AND 12, ALL OUT OF BLOCK 21, OF SAID LEELAND PARK ADDITION, SAID 1.220 ACRE TRACT BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT A 5/8 INCH IRON ROD WITH TRI-TECH CAP SET IN THE EAST LINE OF SCOTT STREET (RIGHT OF WAY VARIES), BEING THE SOUTHWESTERN CUT-BACK CORNER OF A CALLED 0.0132 ACRE TRACT AS SET FORTH IN CF NO. 20120448768 OF THE OPRHCT AND THE WESTERNMOST NORTHWEST CORNER OF THE HEREIN DESCRIBED TRACT OF LAND; THENCE NORTH 62 DEGREES 36 MINUTES 29 SECONDS EAST ALONG CUTBACK CORNER OF SAID 0.0132 ACRE TRACT, A DISTANCE OF 21.00 FEET TO A 5/8 INCH IRON ROD WITH TRI-TECH CAO SET IN THE SOUTH LINE OF DREW STREET (40 FOOT ROW) COMMON WITH THE NORTH LINE OF LOT 12, BLOCK 21, OF SAID LEELAND PARK ADDITION, SAID POINT BEING THE NORTH END OF A CUTBACK CORNER IN SAID 0.0132 ACRE TRACT AND THE NORTHERNMOST NORTHWEST CORNER OF THE HEREIN DESCRIBED TRACT OF LAND; THENCE SOUTH 72 DEGREES 36 MINUTES 21 SECONDS EAST ALONG THE SOUTH ROW LINE OF SAID DREW STREET COMMON WITH THE NORTH LINE OF BLOCK 21, OF SAID LEELAND PARK ADDITION, A DISTANCE OF 254.77 FEET TO A 5/8 INCH IRON ROD WITH TRI- TECH CAP SET AT THE INTERSECTION OF THE SOUTH ROW LINE OF SAID DREW STREET AND THE WEST ROW LINE OF LUCINDA STREET (50 FOOT ROW), SAID POINT BEING THE NORTHEAST CORNER OF LOT 7, BLOCK 21, OF SAID LEELAND PARK ADDITION AND HEREIN DESCRIBED TRACT OF LAND; THENCE SOUTH 17 DEGREES 23 MINUTES 39 SECONDS WEST WITH THE WEST ROW LINE OF SAID LUCINDA STREET COMMON WITH THE EAST LINE OF BLOCK 21, OF SAID LEELAND PARK ADDITION, A DISTANCE OF 200.00 FEET TO A 5/8 INCH IRON ROD WITH TRI- TECH CAP SET AT THE INTERSECTION OF THE WEST ROW LINE OF SAID LUCINDA STREET AND THE NORTH ROW LINE OF TUAM STREET (40 FOOT ROW), SAID POINT BEING THE SOUTHEAST CORNER OF LOT 6, BLOCK 21, OF SAID LEELAND PARK ADDITION, AND THE HEREIN DESCRIBED TRACT OF LAND; THENCE NORTH 72 DEGREES 36 MINUTES 21 SECONDS WEST ALONG THE NORTH LINE OF SAID TUAM STREET COMMON WITH THE SOUTH LINE OF BLOCK 21 OF SAID LEELAND PARK ADDITION, FOR A DISTANCE OF 246.98 FEET TO A CUT X SET IN THE NORTH LINE OF SAID TUAM STREET COMMON WITH THE SOUTH LINE OF LOT 2, BLOCK 21, OF SAID LEELAND PARK ADDITION, SAID POINT BEING THE SOUTH END OF A CUTBACK CORNER IN A CALLED 0.0368 ACRE TRACT AS SET FORTH IN CF NO. 20120448769 OF THE OPRHCT AND THE SOUTHERNMOST SOUTHWEST CORNER OF THE HEREIN DESCRIBED TRACT OF LAND; THENCE NORTH 28 DEGREES 44 MINUTES 48 SECONDS WEST ALONG A CUTBACK CORNER IN SAID 0.0368 ACRE TRACT, A DISTANCE OF 20.44 FEET TO A 5/8 INCH IRON ROD WITH A TRI-TECH CAP SET IN THE EAST LINE OF SAID SCOTT STREET SAID POINT BEING THE NORTH END OF A CUTBACK CORNER IN SAID 0.0368 ACRE

TRACT AND THE WESTERNMOST SOUTHWEST CORNER OF THE HEREIN DESCRIBED TRACT OF LAND; THENCE NORTH 13 DEGREES 04 MINUTES 29 SECONDS EAST ALONG THE EAST LINE OF SAID SCOTT STREET AND SAID 0.0368 ACRE TRACT, AND ACROSS LOT 1, BLOCK 21, OF SAID LEELAND PARK ADDITION, A DISTANCE OF 86.08 FEET TO A 5/8 INCH IRON ROD WITH TRI-TECH CAP SET, ON THE EAST ROW LINE OF SAID SCOTT STREET, SAID POINT BEING THE NORTHEAST CORNER OF SAID 0.0368 ACRE TRACT, THE SOUTHWEST CORNER OF A CALLED 0.0790 ACRE TRACT AS SET FORTH IN CF NO. 20140570796 OF THE OPRHCT AND AN ANGLE POINT IN THE WEST LINE OF THE HEREIN DESCRIBED TRACT; THENCE NORTH 15 DEGREES 54 MINUTES 17 SECONDS EAST ALONG THE EAST ROW LINE OF SAID SCOTT STREET AND THE WEST LINE OF SAID 0.0790 ACRE TRACT, A DISTANCE OF 50.02 FEET TO A 5/8 INCH IRON ROD WITH TRI-TECH CAP SET IN THE EAST LINE OF SAID SCOTT STREET, SAID POINT BEING THE NORTHWEST CORNER OF SAID 0.0790 ACRE TRACT, THE SOUTHWEST CORNER OF SAID 0.0132 ACRE TRACT, AND AN ANGLE POINT IN THE WEST LINE OF THE HEREIN DESCRIBED TRACT OF LAND; THENCE NORTH 17 DEGREES 07 MINUTES 38 SECONDS EAST ALONG THE EAST ROW LINE OF SAID SCOTT STREET COMMON WITH THE EAST LINE OF SAID 0.0132 ACRE TRACT ACROSS LOT 12, BLOCK 21, OF SAID LEELAND PARK ADDITION, A DISTANCE OF 35.21 FEET TO THE POINT OF BEGINNING OF THE HEREIN DESCRIBED TRACT OF LAND CONTAINING 1.220 ACRES (53,160 SQUARE FEET)

(the "Property"). (Exhibits A, A-2, A-3.) The Deed of Trust was recorded in the Official Records of Harris County, Texas, on August 2, 2022 at Instrument No. RP-2022-396352. (*See* Exhibit A-2.)

6. Wiseman on or about July 29, 2022 signed a Guaranty, wherein he guaranteed full payment of the Loan Agreement to RFLF 7, LLC. (Exhibits A, A-4.)

7. The Loan Agreement had an initial maturity date of August 1, 2023. (*See* Exhibit A-3 at Sec. 1.21.) On August 1, 2023, RFLF 7, LLC, Plaintiff, and Wiseman entered into a Loan Extension Agreement. (Exhibit A-5.) The Loan Extension Agreement extended the maturity date of the Loan Agreement to November 1, 2023, changed the interest rate to 10.75%, and provided that all other terms of the Loan Agreement were in effect. (*See* Exhibit A-5 at ¶2.)

8. Plaintiff defaulted under the terms of the Loan Agreement by failing to timely make payments under the Note, as modified, in full. (*See* Exhibit A-11.) Notice of Default was sent via

UPS second-day air to Plaintiff at 1202 E. 32nd ½, Houston, TX 77002, and via email, with copies to Wiseman, on September 14, 2023. (Exhibit A-6.)

9. An Assignment of Deed of Trust was recorded in the Official Records of Harris County, Texas, on October 5, 2023, reflecting a transfer of the Deed of Trust from RFLF 7, LLC, to U.S. Bank at Instrument No. RP-2023-382647. (Exhibit A-7.)

10. On October 16, 2023, U.S. Bank, through its counsel Mackie Wolf Zientz & Mann, PC, which had been retained by U.S. Bank's servicer, RF Mortgage Services Corporation, provided Plaintiff and Wiseman with Notice of Foreclosure Sale, indicating that a non-judicial foreclosure sale would occur on November 7, 2023. Notice of Foreclosure was sent via certified mail to: Kelsey Leann Gledhill, 6625 N. Main Street, Houston, TX 77009; Lysmel Teresa Lorenzo, 6019 Shadow Isle LN, Houston TX 77084-6797; The Lodges at Scott LLC, 26002 Budde Rd Ste A301, Spring, TX 77380-2014 and to 1202 E 32nd ½ ST, Houston, TX 77022-6512; Robert Lee Wiseman, Jr., 2416 Truxillo St, Houston, TX 77004-4358 and to him at 902 Cordell St # A, Houston, TX 77009-3827. The Notice of Foreclosure Sale was also filed in Harris County, Texas on October 17, 2023. (Exhibit A-8.)

11. As of the time of the foreclosure sale, the total amount due was $1,930,575.98. (Exhibit A-9.)[2] The matured debt was not paid, and the Property was sold at a foreclosure sale that occurred on November 7, 2023. The Property sold for $1,884,595.00 to HOF REO 1 Inc. (Exhibit A-10.) Fees and costs charged in connection with the sale charged to Plaintiff under the terms of the Loan Agreement were $501.07, leaving a deficiency owed of $46,482.05.

---

[2] As of October 3, 2023, $1,888,323.28 was due, with 35 days of interest until the sale on November 7, 2023 at $1,207.22 per diem adds $42,252.70 for a total of $1,930,575.98. (*See* Exhibit A-10.)

## IV. GROUNDS

12. Defendant asserts the following grounds for summary judgment:

    A. Defendant gave proper notice of foreclosure. **[All]**

    B. Plaintiff's claim that Defendant allegedly promised not to foreclose is barred by the statute of frauds. **[All]**

    C. Defendant did not owe Plaintiff an implied duty of good faith and fair dealing. **[Breach of Contract]**

    D. Plaintiff is not entitled to injunctive relief because he cannot prevail on any substantive claim. **[Injunction]**

    E. Defendant is entitled a judgment an award to collect the deficiency owed on the Loan. **[Counterclaim and Third-party Claim]**

## V. SUMMARY JUDGMENT STANDARD

13. Federal Rule of Civil Procedure 56(c), summary judgment is proper "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The Supreme Court has further held that the moving party may discharge its summary judgment burden of proof by showing that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). If the non-moving party bears the burden of proof at trial, the moving party need only point to the absence of any fact issue in the record, and the evidentiary burden then shifts to the non-moving party to show with "significant probative" evidence that there exists a triable issue of fact. *Celotex,* 477 U.S. at 322; *see also Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim."). If the moving party meets its burden, the burden shifts to the non-moving

party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 585-87 (1986).

## VI. ARGUMENT AND AUTHORITIES

### A.  Defendant gave proper notice of foreclosure. [All]

14. Defendant provided proper and timely notice of foreclosure after the loan matured and was not paid off. "The essential elements of a breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). In addition, the Texas Property Code requires that notices of foreclosure sale be mailed and filed 21 days before the foreclosure sale date. TEX. PROP. CODE § 51.002(b), (d).

15. Plaintiff failed to make timely payment in full under the Loan Agreement, as modified. (*See* Exhibits A, A-1, A-5, A-11.) Notice of Default was sent via UPS second-day air to Plaintiff at 1202 E. 32nd ½, Houston, TX 77002, and via email, with copies to Wiseman, on September 14, 2023. (Exhibits A, A-6.)

16. On October 16, 2023, 22 days before the November 7, 2023 sale date, U.S. Bank, through its counsel Mackie Wolf Zientz & Mann, PC, which had been retained by U.S. Bank's servicer, RF Mortgage Services Corporation, provided Plaintiff and Wiseman with Notice of Foreclosure Sale, indicating that a non-judicial foreclosure sale would occur on November 7, 2023. (Exhibits A, A-8.) Notice of Foreclosure was sent via certified mail to: Kelsey Leann Gledhill, 6625 N. Main Street, Houston, TX 77009; Lysmel Teresa Lorenzo, 6019 Shadow Isle LN, Houston TX 77084-6797; The Lodges at Scott LLC, 26002 Budde Rd Ste A301, Spring, TX 77380-2014

and to 1202 E 32nd ½ ST, Houston, TX 77022-6512; Robert Lee Wiseman, Jr., 2416 Truxillo St, Houston, TX 77004-4358 and to him at 902 Cordell St # A, Houston, TX 77009-3827. (Exhibits A, A-8.) The Notice of Foreclosure Sale was also filed in Harris County, Texas on October 17, 2023, 21 days before the sale. (*See* Exhibit A-8.)

17. Plaintiff contends it never received the notices of sale, but the law requires only that notice be properly served and not that the mortgagor actually receive the notice. *Baker v. Wells Fargo USA Holdings, Inc*., No. SA-19-CV-522-XR, 2019 U.S. Dist. LEXIS 100840 *4 (W.D. Tex. June 17, 2019); *Santiago v. Bank of New York Mellon*, No. 05-17-00144-CV, 2017 Tex. App. LEXIS 10256, *12 (Tex. App.—Dallas Nov. 1, 2017, no pet.).

18. The summary-judgment evidence conclusively establishes that Defendants provided timely and proper notice of foreclosure sale after the Loan matured and Plaintiff failed to remit the balance. All of Plaintiffs' claims based on an alleged failure to provide notice must be dismissed.

> **B.     Plaintiff's claims Defendant allegedly promised not to foreclose are barred by the statute of frauds.** [All]

19. In addition to its claims that Defendant failed to provide it with notice of foreclosure, it alleges that Defendant promised not to foreclose while it obtained financing to pay off the loan. [*See* Petition, *passim*.] Plaintiff is barred from relying on any such representations by the statute of frauds.

20. Specifically, Plaintiff alleges that Matt Gerwatwoski, an agent for Renovo, told Wiseman on November 8, 2023, a day after foreclosure, that Plaintiff had until November 10, 2023 to send in a full payoff of the Loan. (Petition, ¶18.) Notably missing from Plaintiff's allegations is that it, in fact, was prepared to pay off the Loan by November 10, 2023. (*See* Petition, *generally*.)

Regardless, Plaintiff cannot enforce Mr. Gerwatwoski's alleged promise under the statute of frauds.

21. Under Texas law, the Statute of Frauds applies to a loan agreement that exceeds $50,000.00 and requires that it be in writing and signed by the party to be bound or that party's authorized representative in order to be enforceable. TEX. BUS. & COM. CODE § 26.02. A "loan agreement" is defined to include promises, promissory notes, and deeds of trusts. *Id.* § 26.02(a)(2). If a contract falls within the ambit of the statute of frauds, then "any subsequent oral modification to the contract" also falls within the ambit of the statute of frauds. *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *see Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) ("An agreement regarding the transfer of the property or modification of a loan must . . . be in writing to be valid."). The subject loan was for $1,905,000.00, and it was secured by real property. (*See* Exhibits A-1, A-2.) Therefore, it is subject to the Statute of Frauds.

22. "An agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank, N.A.*, 508 Fed. Appx. 326, 328-29 (5th Cir. 2013). Accordingly, any purported agreement by Defendant here not to foreclose needed to have been reduced to writing to be enforceable. *Garcia v. Wells Fargo Bank, N.A.*, No. SA-17-CV-747-XR, 2017 U.S. Dist. LEXIS 165563, 2017 WL 4448243, at *2 (W.D. Tex. Oct. 5, 2017) (dismissing fraud claim where promise to forestall foreclosure was not in writing); *Gordon v. JPMorgan Chase Bank, N.A.*, 505 F. App'x 361, 364-65 (5th Cir. 2013) ("Although Gordon alleges that she was verbally assured that she would receive a loan modification, she does not point to a written offer to do anything more than determine her eligibility for such a modification. She therefore has not alleged facts that would allege a modification of her loan terms under the statute

of frauds."). In the absence of a writing, no claim for fraud will lie for an allege oral promise not to foreclose because the plaintiff cannot reasonably rely upon this alleged oral promises.

23. Further, the fact that the foreclosure sale had occurred a day earlier is irrelevant because the alleged promise to allow Plaintiff and/or Wiseman to pay off the Loan two days later [and presumably rescind the foreclosure sale deed] was a modification of its terms. The statement was not made in writing and is unenforceable under the statute of frauds. *Russell v. Newrez LLC*, No. 1:19-CV-1109-LY, 2020 WL 882133, at *5 (W.D. Tex. Feb. 24, 2020) (quoting TEX. BUS. & COMM. CODE § 26.02(a)(2)) ("The term 'loan agreement' includes any agreement or promise where a financial institution 'loans or delays repayment of or agrees to loan or delay repayment of money, goods, or other things of value or to otherwise extend credit or make a financial accommodation.'").

24. Any representation by Defendant or its representative allowing Plaintiff/Wiseman additional time to pay off the balance was a material term required to be in writing to be enforceable. Plaintiff's claims based on the alleged promise are barred by the statute of frauds, and Defendant is entitled to summary-judgment in its favor.

    **C.** **Defendant did not owe Plaintiff an implied duty of good faith and fair dealing.** [Breach of Contract]

25. Defendant did not owe Plaintiff a fiduciary duty of good faith and fair dealing. "The elements of a breach of fiduciary claim are (1) the existence of a fiduciary relationship, either as a matter of law or as a matter of fact, (2) the defendant breached the fiduciary duty accompanying the relationship, (3) the breach of the duty either injured the plaintiff or benefitted the defendant, and (4) damages resulted." *Jones v. Wells Fargo Bank, N.A.*, No. 4:12-CV-446, 2013 WL 12193251, at *5 (E.D. Tex. June 11, 2013), report and recommendation adopted, No. 4:12CV446, 2013 WL 4414321 (E.D. Tex. Aug. 13, 2013) (citing *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.

App.—Dallas 2006, pet. denied)).

26. There is no special relationship under Texas law between a mortgagor and mortgagee. *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 330 (5th Cir. 2013). Accordingly, a mortgage borrower cannot state a claim for a breach of good faith and fair dealing against its lender. *Id. See also Messina v. Wells Fargo Bank, N.A.*, No. A-12-CV-1138 LY, 2013 WL 12394440, at *3 (W.D. Tex. June 4, 2013), report and recommendation adopted, No. A-12-CV-1138-LY, 2013 WL 12394448 (W.D. Tex. June 27, 2013)(collecting cases). In addition, the Loan documents do not by their terms impose any such duty. (*See* Exhibits A-1 through A-4.)

27. Moreover, the evidence establishes that Plaintiff did not perform under the Loan Agreement. Plaintiff acknowledges that it breached the Loan Agreement when it stopped making payments. (*See* Petition at ¶12.) Thereafter, Defendant had no duty to halt foreclosure proceedings just because Plaintiff was purportedly attempting to obtain financing to pay the loan off. *Jones v. Wells Fargo Bank, N.A.*, No. 4:12-CV-446, 2013 WL 12193251, 2013 U.S. Dist. LEXIS 114800, *30 (E.D. Tex. June 11, 2013). Indeed, the subject loan is not a residential mortgage, but a commercial loan. Defendant was fully within its right to immediately proceed to foreclosure upon Plaintiff's default. *See id.* The Loan Agreement allowed the lender to immediately proceed to foreclosure upon a payment default. (*See* Exhibits A-2 at ¶33.3; A-1 ¶¶2, 4.) Defendant was not obligated by the Loan Agreement or lied duty of good faith to hold off on foreclosure. *See Jones* 2013 U.S. Dist. LEXIS 114800, *30. Defendant is therefore entitled to summary judgment in its favor on Plaintiff's allegation that it breached a duty it did not, in fact, owe to Plaintiff.

> **D. Plaintiff is not entitled to injunctive relief because he cannot prevail on any substantive claim.** [Injunction]

28. In the absence of a viable claim, Plaintiff's request for injunctive relief against also fails. *See Thomas v. EMC Mortg. Corp.*, 499 Fed. App'x 337, 343 (5th Cir. 2012) (holding

requests for declaratory and injunctive relief must fail absent a viable underlying cause of action). As set forth above, all of Plaintiff's affirmative claims fail, and Defendant is entitled to summary judgment on Plaintiff's request for injunctive relief.

### E. Defendant is entitled a judgment an award to collect the deficiency owed on the Loan and its attorney fees.

29. To collect on its claim on the deficiency, Defendant must show: (1) the amount due on the Loan at the time of foreclosure; (2) proper notice of acceleration was given; (3) that a valid foreclosure sale was made; and (4) that Plaintiff was credited for the amount received at the trustee's sale and any other legitimate credit amount. *Alabama St. Holding Co., LLC v. LMTV Ventures, LLC*, No. 4:09-CV-3764, 2011 WL 2672370, at *3 (S.D. Tex. July 7, 2011) (internal citations omitted).

30. Here, Plaintiff signed the Note on July 29, 2022 for an original principal amount of $1,905,000.00, which was secured by the Property encompassing the land and improvements at ten separate common addresses. (Exhibits A, A-1, A-2.) Wiseman guaranteed payment of the Loan in full. (Exhibits A, A-4.)

31. At the time of the foreclosure sale of the full Property, the total debt on the Loan was $1,930,575.98. (*See* Exhibits A, A-10, A-11.) The matured debt was not paid, and proper notice of sale was given. (*See* Discussion, *supra* at §A.) Property was sold at a foreclosure sale that occurred on November 7, 2023. (Exhibits A, A-9.) The Property sold for $1,884,595.00 to HOF REO 1 Inc., and such amount was credited to the account. (*See* Exhibits A-9, A-10.) A Foreclosure Sale Deed was recorded in the Official Records of Harris County, Texas, on November 16, 2023 at Instrument No. RP-2023-437084. (Exhibit A-9.) Fees and costs charged in connection with the sale were $501.07, leaving a deficiency of $46,482.05.

32. The undisputed evidence supports Defendant's claim to recover the deficiency.

Defendant is further its attorney's fees and costs as provided in the Loan Agreement, Guaranty, and Chapter 38 of the Texas Civil Practice and Remedies Code in am amount to be determined by subsequent motion practice. *See* Exhibits A-2 at ¶¶10, 35, A-4 at ¶19; TEX. CIV. PRAC. & REM. CODE § 38.001(8) (providing for recovery of attorney fees on a written contract).

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that: its Motion for Summary Judgment be granted; that all of Plaintiff's claims above be dismissed with prejudice; Defendant have and recover $46,482.05 from the Lodges at Scott, LLC and Wiseman, plus prejudgment interest, post-judgment interest, its attorney's fees and costs in an amount to be determined by subsequent motion practice; and that Defendant be awarded all other relief to which it may be entitled.

    Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
S.D. Texas No. 21340
mark.cronenwett@lewisbrisbois.com

**Lewis Brisbois Bisgaard & Smith LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7100
Facsimile: (214) 722-7111

**Attorneys for Defendant/Counter-Plaintiff/Third-Party Plaintiff U.S. Bank**

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 7, 2025, a true and correct copy of the foregoing was served in the manner described below on the following:

**Via ECF Notification:**
Bruce W. Akerly
Akerly Law PLLC
2785 Rockbrook Drive, Suite 201
Lewisville, Texas 75067
bakerly@akerlylaw.com
*Attorneys for Plaintiff*

                              */s/ Mark D. Cronenwett*
                              **MARK D. CRONENWETT**